# Jacobs *v.* Nathan & Co.

### Action on Detinue Bond.

1. *Condition of detinue bond, and breach thereof; issue as to payment of mortgage debt.*—The condition of a forthcoming bond, executed by the plaintiff in detinue, or the statutory action for the recovery of personal property in specie (Code, §§ 2944-5), is not broken, unless he fails in the suit, and fails to deliver the property within the time prescribed, and to pay the damages and costs; and where the action is founded on a mortgage, and the amount due on the mortgage debt is put in issue (Sess. Acts 1882-3, p. 31), if the balance found due is less than the value of the property as assessed by the jury, the failure to deliver the property to the defendant, on tender or payment of this balance, with costs, is not a breach of the bond. (Changed by statute, Code of 1886, § 2720.)

[Jacobs v. Nathan & Co.]

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

MOORE & FINLEY, for the appellant.

ARRINGTON & GRAHAM, and WATTS & SON, *contra.*

CLOPTON, J.—An action of detinue for the recovery of
personal property was instituted by L. W. Nathan & Co.
against the appellant. The requisite affidavit and bond
having been made, the sheriff seized the property under an
order for the purpose. The appellant having failed to re-
plevy the property within the prescribed time, the plaintiffs
in the detinue action gave the statutory bond, and the prop-
erty was delivered to them. The present suit is brought by
appellant on this bond. The condition of the bond is, that
Nathan & Co. shall prosecute the suit to effect, or, failing
therein, shall deliver the property to appellant within thirty
days after judgment, and pay such damages as may be ad-
judged for its detention, and the costs of the suit. To the
complaint the defendants demurred, assigning several causes
of demurrer; the principal and material cause being, that
the complaint does not show a breach of the bond. The
demurrer was sustained, and this ruling is the only error
assigned.

The complaint assigns as the breach of the bond, that
when the detinue suit came on for trial, it appeared that the
title of the plaintiffs therein was derived from a mortgage
made by the defendant, who put in issue the mortgage debt;
that the jury rendered a verdict, ascertaining that the amount
due on the mortgage was four hundred dollars, and assess-
ing the value of the property at nine hundred dollars; that
within thirty days after judgment was rendered on the ver-
dict, the defendant tendered to the plaintiffs the amount of
the mortgage debt, and the costs of the suit; and that the
plaintiffs failed and neglected to deliver the property. The
question is, whether the failure to deliver the property, un-
der the circumstances, is a breach of the bond.

The liability incurred by the makers of the bond is that
expressed, or necessarily included, in the terms used. The
condition of the bond is not broken, and the penalty is not
forfeited, unless the plaintiffs in the detinue suit fail to pros-
ecute it successfully, and, on failing in the suit, do not deliv-
er the property, and pay the damages and costs. The obli-

[Jacobs v. Nathan & Co.]

gation arising on the bond to deliver the property is contingent on failure in the suit. The averments of the complaint, which are taken most strongly against the pleader, show that the plaintiffs in the detinue suit prosecuted it to effect, and recovered a judgment for the property. The complaint, not averring in terms a failure in the detinue suit, fails to show a cause of action on the bond, unless the contention of appellant is correct as to the effect and operation of the act amending section 2944 of Code of 1876.—Acts, 1882-3, p. 31.

The amendatory act, after providing for the assessment of the value of the property sued for, and damages for its detention, whether in the possession of the plaintiff or the defendant, and for judgment against either party for the property, or its alternate value, with damages for the detention, provides: "That in suits where the title of the property is derived from a mortgage, the defendant may put in issue the amount due upon the mortgage, and may also plead and give in evidence any matter that might have been pleaded and given evidence, had such action been to recover the debt secured by such mortgage; and should the jury find for the plaintiff, then, upon payment of such amount, besides costs, within thirty days thereafter, the defendant shall have the title and possession of the property." The appellant contends, that the purpose of the bond is to secure the delivery of the property, in the event he became entitled to have the same; and as the statute vests in him the title and right of possession, on payment of the amount due on the mortgage debt and costs, within the prescribed time, the failure to deliver the property, on such payment being tendered, is a breach of the necessarily implied condition of the bond. There can be no question, that, in such case, the defendant in the detinue suit, on making payment as required, has a title and right of possession, which will support an action of trover, or detinue, against the party wrongfully withholding. The intention of the statute is, to give the defendant in actions of detinue, where the plaintiff derives title under a mortgage, the right to defeat a recovery by establishing any defense which would defeat a recovery in a suit on the mortgage debt; and if any amount is found to be due, and judgment rendered for the plaintiff, to give the right to discharge the judgment, and retain the mortgage property. When the plaintiff recovers judgment for the property, or its alternate value, there is not a failure to prosecute the suit

to effect; and the right or privilege to discharge the judgment, and regain the title to the property, by paying a sum less than the alternate value assessed by the jury, does not retroactively operate to convert such successful prosecution into a failure, in the absence of a statutory provision that such shall be the effect. The failure in the suit, as expressed, or necessarily implied in the terms of the bond, is a failure to recover judgment in the detinue suit itself, and not a subsequent · divestiture of the title and right of possession, which has been established in the plaintiff by the recovery of the judgment.

It may be remarked, that the Code of 1886 makes express provision in such suits, that, after the payment authorized by the statute, the plaintiff shall be deemed the unsuccessful party. This case does not come within its operation.

Affirmed.